Justice Jim Rice, dissenting.
¶36 In my view, the evidence credited by the District Court satisfied the legal standards, under which this case was tried, for abandonment of Soup Creek Road by the County. The Court today alters these standards, and the precedent that applied them. Further, in reaching a determination to reverse, *377 the Court credits different evidence than credited by the District Court.
¶37 In reaching its determination that Soup Creek Road had been abandoned, the District Court correctly noted the governing principles that abandonment is a concurrence of act and intent, and that the intent necessary to abandon public property by a government authority "must be of character so decisive and conclusive as to indicate a clear intent to abandon," as well as our oft-cited explanation of that standard, that "[m]ere nonuse, even for extended periods of time, is generally insufficient, by itself, to indicate an intent to abandon." McCauley , ¶ 30. The clear implication of this precedent is that there ***117 can be exceptional cases where the facts of nonuse are extreme enough to demonstrate the requisite intent to abandon a road. Otherwise, we would have instead held over the many years that mere nonuse is "never sufficient" to indicate an intent to abandon. But, we have not done so. By declaring otherwise today, the Court impliedly overturns years of precedent.
¶38 Here, setting aside the official actions of the County for the moment, the facts found by the District Court related to nonuse of the Soup Creek Road are extreme. In contrast to the Court's contrary finding on appeal that the Road was continually available to the public, Opinion, ¶ 29, the District Court found that the Road was washed out between 1964 and 1993 such that the Road was impassible to vehicles. It found the Road was reduced to nothing more than a "cow trail" accessible only by horse or on foot, and, further, was often locked off by a gate. Skeltons started making improvements to the road in 1993, and had to relocate the road in places. Even then, gates prevented access to the road with the permission of the Forest Service. In short, the District Court found there had been virtually no "public use" for decades. And, beyond mere nonuse, the District Court found the road had become unusable, and was in that condition for many years.
¶39 The Court correctly notes that abandonment has also required "some affirmative official act, and not mere implication," Opinion, ¶ 25 (citing McCauley , ¶ 30 ), and today makes that principle absolute. See Opinion, ¶ 32. However, official actions were taken here. Petitions to adopt the Road as a county road and extend it were officially rejected in 1895 and 1907 (Meagher and Lewis and Clark Counties). Then, in 1910, Gibsons' predecessors sought abandonment of the Road across their property, which the County approved, officially abandoning the portion of the road that provided the road's main purpose-public access to the water. Thus, the Road as it existed in 1910 dead-ended at the border of Gibsons' property, preventing access to and from Hauser Lake.
¶40 Now, Gibsons seek designation of the road leading to the border of their property as public, but no further, desiring the benefits but not the obligations of public access. Thus, designation of the Road as public will not fulfill the Road's original purpose of providing public access to and from Hauser Reservoir. In my view, the evidence credited by the District Court satisfied what might be called the exception to the general rule of nonuse being generally insufficient to constitute abandonment, because related official actions were taken, consistent with the long use and condition of the Road, including partial abandonment, all of which weighed against a declaration of the road ***118 as public
¶41 I do not believe the District Court was "confuse[d]," Opinion, ¶ 32, about the standards, but rather made findings from the evidence that satisfied the exception to the general rule. This was the law under which this case was tried, and as the Skeltons no doubt understood it. Today, the Court changes the rules, and rejects the evidence credited by the finder of fact.
¶42 I would affirm.
Justice Beth Baker joins in the dissenting Opinion of Justice Rice.